# CIRCUIT COURT OF THE CITY OF RICHMOND

James E. Wright

v.

Allstate Insurance Co.

June 5, 1987

Case No. LL-411-3

By JUDGE T. J. MARKOW

Before me is a decision on the demurrer. Plaintiff alleges that defendant, Allstate, issued a policy of automobile liability insurance with $25,000 limits. He claims that he was involved in an accident which resulted in the entry of a judgment against him of $50,000, plus interest. While he admits that the defendant paid its limits of $25,000 after judgment, he claims that it failed and refused to settle or even to discuss settlement within its limits prior to judgment. He also alleges that the case could have been settled within the policy limits.

Plaintiff says that Allstate's refusal to negotiate was a breach of its duty of good faith and fair dealing with him (Count I); that this same failure constituted a "breach of Allstate's obligations under its policy of liability insurance" (Count II); and, that such conduct "constitutes wrongful and willful conduct by Allstate in conscious disregard of the rights of the plaintiff." (Count III).

Damages are claimed for the debt incurred by plaintiff

for the excess judgment, for plaintiff's anxiety and mental anguish, and for impairment of his credit standing.

Each count must be handled separately. In considering each count, the general allegations of the first nineteen paragraphs will be considered as the factual basis supporting that count.

*COUNT I:*

Here plaintiff's claim is based on the allegation that Allstate breached its duties of good faith and fair dealing. Defendant argues that it is not placed on fair notice as to the true nature of the claim. It says that a mere assertion of failure to negotiate or settle is not sufficient to state a cause of action. While that is a correct statement of the law, plaintiff has stated more and has stated a cause of action.

The Supreme Court of Virginia has held that an insurance company may be held liable for the entire amount of a judgment, even that above the policy limits, if the insurer has not acted in good faith in the handling and disposition of a claim covered by the policy. *Aetna v. Price,* 206 Va. 749 (1966). The court says that "to be a good faith decision (to settle) it must be an honest and intelligent one in light of the company's expertise in the field. Where *reasonable and probable cause appears for rejecting a settlement* and for defending the damage action, the good faith of the insurer will be vindicated." (emphasis added) *Aetna v. Price* at 762. Conversely, if reasonable and probable cause does not exist for rejecting a settlement and the insurer refuses to settle, then bad faith might be found by a jury.

In paragraph 18 of the motion for judgment, plaintiff alleges Allstate "knew or should have known that there existed a substantial likelihood that the claim asserted by Rostafinski. . . would result in a judgment against the Plaintiff for a sum in excess of the coverage. . . ."

The allegation of knowledge of substantial likelihood of a judgment in excess of coverage is more than is required by *Aetna v. Price.* A cause of action has been stated under Count I.

*COUNT II*:

Defendant argues that this count is a duplication of Count I. I agree. It adds nothing and the demurrer will be sustained as to it.

*COUNT III*:

Here plaintiff alleges that the conduct of Allstate is wrongful and willful and in conscious disregard of the rights of the plaintiff.

This is an allegation of tortious breach of contract. Virginia has never recognized such a cause of action in insurance contracts. *A & E Supply Co., Inc. v. Nationwide Mutual Fire Ins. Co.*, 798 F.2d 669 (4th Cir. 1986). Accordingly, the demurrer as to Count III will be sustained.

Finally, defendant argues that the plaintiff's claim for damages for the anxiety and mental anguish he has suffered are not cognizable damages in breach of contract actions. I agree. Plaintiff has stated a breach of contract cause of action. He is entitled to provable damages appropriate to such an action. Mental anguish and anxiety are not such damages. The demurrer will be sustained as to this part of the motion for judgment.